# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

**-------------------------------------------------------------------------X Index No.**

**RICARDO GREEN and NEFERTITI GRANVILLE**

**SUMMONS**

**Plaintiffs**

Plaintiff designates Queens County as the place of trial.

**-against-**

Basis for venue is Plaintiff's residence.

**BOB'S DISCOUNT FURNITURE, LLC.,**

**Defendant.**

**-------------------------------------------------------------------------X**

TO THE ABOVE NAME DEFEDNANT:

You are hereby summoned and required to serve upon Plaintiffs' attorney an answer to the Verified Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: New York, NY
August 5, 2024

The Law Office of Matthew W. Lewis, PLLC

By: Matthew lewis

Matthew W. Lewis, Esq.
Attorney for Plaintiffs
11 Broadway, Suite 615
New York, NY 10004
Phone: 347-328-2973

TO:

**BOB'S DISCOUNT FURNITURE, LLC.,**
2520 Flatbush Ave.,
Brooklyn, 11234

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

**-----------------------------------------------------------------------X** **Index No.:**
**RICARDO GREEN and NEFERTITI GRANVILLE**

**Plaintiffs,** **VERIFIED COMPLAINT**

**-against-**

**BOB'S DISCOUNT FURNITURE, LLC.,**

**Defendant.**

**-----------------------------------------------------------------------X**

Plaintiffs RICARDO GREEN and NEFERTITI GRANVILLE (hereinafter referred to as "Plaintiffs") by their attorneys, THE LAW OFFICE OF MATTHEW W. LEWIS, PLLC., complaining of BOB'S DISCOUNT FURNITURE, LLC., (hereinafter referred to as "Defendant") hereby alleges as follows upon information and belief:

**JURISDICTION AND VENUE**

1. This Court has personal jurisdiction over the Defendant pursuant to CPLR 301 and 302, in that the Defendant transacts business and contracts to supply goods and services within the State of New York.

2. This Court has jurisdiction over this action because the amount of damages Plaintiffs seek exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

3. Venue for this action is proper pursuant to CPLR 503 because Plaintiffs are residents of Queens County.

**THE PARTIES**

4. At all times herein mentioned, plaintiff, RICARDO GREEN, was, and still is a resident of the County of Queens County, State of New York.

5. At all times herein mentioned, plaintiff, NEFERTITI GRANVILLE, was, and still is a resident of the County of Queens County, State of New York.

6. That on May 6, 2022, and at all times herein mentioned, Defendant was and still is a foreign business corporation.

7. That on May 6, 2022, and at all times herein mentioned, Defendant was and still is a domestic business corporation.

8. That on May 6, 2022, and at all times herein mentioned, Defendant was and still is a duly organized foreign limited liability company authorized to do business in the State of New York.

9. That on May 6, 2022, and at all times herein mentioned, Defendant was and still is a duly organized foreign limited liability company that transacts business and contracts to supply goods and services within the State of New York.

10. That on May 6, 2022, and at all times herein mentioned, Defendant was an entity manufacturing goods in the State of New York.

11. That on May 6, 2022, and at all times herein mentioned, Defendant was an entity selling goods in the State of New York.

12. That on May 6, 2022, and at all times herein mentioned, Defendant was an entity transporting goods in the State of New York.

13. That on May 6, 2022, and at all times herein mentioned, Defendant was an entity distributing goods in the State of New York.

14. That prior to May 6, 2022, and at all times herein mentioned, Defendant was the manufacturer of a certain “troy grey” bed.

15. That prior to May 6, 2022, and at all times herein mentioned, Defendant was the distributor of a certain “troy grey” bed.

16. That prior to May 6, 2022, and at all times herein mentioned, Defendant was the designer of a certain “troy grey” bed.

17. That prior to May 6, 2022, and at all times herein mentioned, Defendant service a certain “troy grey” bed.

18. That prior to May 6, 2022, and at all times herein mentioned, Defendant was the seller of a certain “troy grey” bed.

19. That prior to May 6, 2022, and at all times herein mentioned, Defendant marked a certain “troy grey” bed.

20. That prior to May 6, 2022, and at all times herein mentioned, Defendant placed in the stream of commerce a certain “troy grey” bed.

**AS TO THE FIRST CAUSE OF ACTION**

21. Plaintiffs repeats and realleges paragraphs "1" through "20" above as if set forth herein at length.

22. Defendant manufactured, sold, shipped and/or distributed A “troy grey” bed and component parts into the stream of commerce in a condition that was defective and unsafe for ordinary use.

23. Defendant sold, shipped and/or distributed the “troy grey” bed and its component parts into the stream of commerce designed in a defective manner and unsafe for ordinary use.

24. The “troy grey” bed and its component parts were defective and unfit for ordinary use when they left the control of Defendant

25. Defendant manufactured, sold, shipped and/or distributed the "troy grey" bed and component parts into the stream of commerce when Defendant knew or should have known that the bed and/or its component parts were defective and unsafe for ordinary use.

26. Defendant manufactured, sold, shipped and/or distributed the "troy grey" bed and component parts into the stream of commerce without adequately inspecting the bed to make certain that the bed was safe for ordinary use.

27. Defendant manufactured, sold, shipped and/or distributed the "troy grey" bed and component parts into the stream of commerce without warning that the chair was unsafe for ordinary use.

28. Defendant manufactured, sold, shipped and/or distributed the "troy grey" bed and component parts into the stream of commerce without warning that the bed had not been adequately tested to make certain that the bed was safe for ordinary use.

29. In March 2022, the "troy grey" bed, and/or its component parts, were delivered to Plaintiffs' residence in a defective, unsteady and dangerous condition.

30. On April 1, 2022, the "troy grey" bed that was installed by Defendant fell apart while Plaintiffs were using the bed in the ordinary intended manner. Thereby causing Plaintiffs to suffer serious injuries.

31. Plaintiffs immediately notified Defendant that the "troy grey" bed that was delivered and installed had fallen apart and caused them injuries.

32. On April 5, 2022, Defendant delivered and installed another "troy grey" bed at Plaintiffs' residence in a defective, unsteady and dangerous condition.

33. On May 6, 2022, the "troy grey" bed fell apart while Plaintiffs were using the bed in its ordinarily intended manner. Thereby causing Plaintiffs to suffer serious injuries.

34. That Defendant, its agents, servants and/or employees negligently omitted to exercise proper cause, causing Plaintiffs to sustain server and serious personal injuries.

35. That the occurrence and the injuries resulting to Plaintiffs therefrom, were caused solely and wholly through and by reason of the carelessness, recklessness and negligence of Defendant, its agents, servants and/or employees in carelessly and negligently designing, manufacturing, repairing and/or installing the "troy grey" bed, in marketing and/or placing into the stream of commerce a dangerous defective, hazardous and/or unsafe "troy grey" bed; in selling, providing and/or installing a "troy grey" bed that was improper for its use in failing to timely properly and/or adequately inspect and repair the "troy grey" bed prior to releasing same into the stream of commerce; in causing and/or creating an unsafe, hazardous, defective and unsafe condition; n allowing and/or permitting an unsafe, hazardous, defective and/or dangerous condition; in allowing and/or permitting an unsafe, hazardous defective and/or dangerous condition to remain in existence; in failing to timely, properly and/or adequately warn and instruct, in providing a defective, broken improperly designed, improperly assembled, improperly manufactured, improperly repaired "troy grey" bed; in failing and omitting to take proper and suitable precautions to prevent the happening of aforementioned occurrence; in manufacturing and/or selling a product which was defective, failed to

have proper warnings posted on it; was made of improper materials; was not properly tested; in manufacturing and/or selling a product which was dangerous and hazardous; in manufacturing and/or selling a product which was made of shoddy or inferior materials, was not properly inspected or tested and was not properly designed; in causing suffering and permitting Plaintiffs to be several injured; in failing and omitting to take proper and suitable precautions to prevent the happening of the aforementioned occurrence and in violating the applicable laws, rule and regulations; and Defendant were otherwise reckless careless and negligent.

36. That Defendant caused and/or created the complained of condition and had actual and constructive notice of the aforementioned dangerous conditions.

37. That by reason of the aforementioned, Plaintiffs was rendered disable due to the injuries; upon information and belief, are permanent in nature; that by reason thereof Plaintiffs have been prevented from engaging in their usual duties and is informed and verily believes, that in the future will be prevented from engaging their usual duties.

38. The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because one or more of the exceptions to Article 16 apply to the within matter.

**AS TO THE SECOND CAUSE OF ACTION**

39. Plaintiffs repeats and realleges paragraphs "1" through "38" above as if set forth herein at length.

40. The “troy grey” bed was defective in its design, manufacture, failure to provide adequate warning and said defect existed at the time the bed left the Defendant’s possession and control.

41. The utility of the subject “troy grey” bed to the individual user did not outweigh the risk inherent in marketing the bed with the defective design.

42. A safer design was available and the “troy grey” bed could have been designed and manufactured in a safer way while remaining functional and without increasing the product cost.

43. Plaintiffs did not cause or contribute to the injuries and damages.

44. That by reason of Defendant's strict products liability, Plaintiffs was rendered sick, sore, lame and disabled and was caused to suffer and will continue to suffer with pain and physical disabilities, was deprived and will continue tin the future to be deprive of the normal fruits of life and to carry out normal activities; was caused and will caused to seek medical aid and assistance and lost of income, all of the Plaintiffs’ damage in a sum exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

45. The aforementioned injuries were caused during the normal course of use of the subject “troy grey” bed for its reasonably foreseeable and intended purpose.

46. The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because one or more of the exceptions to Article 16 apply to the within matter.

**AS TO THE THIRD CAUSE OF ACTION**

47. Plaintiffs repeats and realleges paragraphs "1" through "46" above as if set forth herein at length.

48. Defendant represented to the public and to Plaintiffs in particular, that the quality of the subject “tory grey” bed was satisfactory and safe in its design and manufacture and repair and such representations were made in a way as to induce the purchase of the bed and use of the bed.

49. The subject “troy grey” bed did not conform to the representations made by Defendant in that the bed was defective and dangerous.

50. That by reason of Defendant's express breach of warranty, Plaintiffs was rendered sick, sore, lame and disabled and was caused to suffer and will continue to suffer with pain and physical disabilities, was deprived and will continue tin the future to be deprive of the normal fruits of life and to carry out normal activities; was caused and will caused to seek medical aid and assistance and lost of income, all of the Plaintiffs’ damage in a sum exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

51. The aforementioned injuries were caused during the normal course of use of the subject “troy grey” bed for its reasonably foreseeable and intended purpose.

52. The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because one or more of the exceptions to Article 16 apply to the within matter.

**AS TO THE THIRD CAUSE OF ACTION**

53. Plaintiffs repeats and realleges paragraphs "1" through "52" above as if set forth herein at length.

54. The law implies that Defendant “troy grey” bed was reasonably fir for the ordinary purposes for which they were used.

55. That the “troy grey” bed was not fir for its ordinary purposes in that it was defective and therefore Defendant breached the implied warranty of fitness for the bed.

56. That by reason of Defendant's express implied warranty, Plaintiffs was rendered sick, sore, lame and disabled and was caused to suffer and will continue to suffer with pain and physical disabilities, was deprived and will continue tin the future to be deprive of the normal fruits of life and to carry out normal activities; was caused and will caused to seek medical aid and assistance and lost of income, all of the Plaintiffs’ damage in a sum exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

57. The aforementioned injuries were caused during the normal course of use of the subject “troy grey” bed for its reasonably foreseeable and intended purpose.

58. The limitations set forth in Article 16 of the Civil Practice Law and Rules do not apply to this case because one or more of the exceptions to Article 16 apply to the within matter.

**WHEREFORE**, Plaintiffs demand judgment against Defendant on all causes of action in a sum that exceeds the jurisdictional limits of all lower courts, together with costs and disbursements

of this action and for such other and further relief as is appropriate in the circumstances, including attorneys' fees as permitted by law.

Dated: New York, NY
August 5, 2024

The Law Office of Matthew W. Lewis, PLLC

By: Matthew Lewis

Matthew W. Lewis, Esq.
Attorney for Plaintiffs
11 Broadway, Suite 615
New York, NY 10004
Phone: 347-328-2973
Fax: 212-480-8560

**VERIFICATION**

STATE OF NEW YORK, COUNTY OF Kings ss:

I Ricardo Green, am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents therein stated to be alleged upon information and belief, and that as to those matters Complainant believe it to be true.

Plaintiff's Signature

Subscribed and Sworn
to before me on 5th
August, 2024

Notary Public

Charlene Monique Mcgregor
Notary Public State of New York
Kings County
No. 02MC6351858
Commission Expires 12/12/2024

**VERIFICATION**

STATE OF NEW YORK, COUNTY OF Kings ss:

I Nefertiti Granville, am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents therein stated to be alleged upon information and belief, and that as to those matters Complainant believe it to be true.

Subscribed and Sworn
to before me on 5th
August, 2024

Notary Public

Plaintiff's Signature

Charlene Monique Mcgregor
Notary Public State of New York
Kings County
No. 02MC6351858
Commission Expires 12/12/2024